IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL AYALA ALVAREZ,

      Plaintiff,                    No. CIV S-06-0414 FCD EFB PS

  vs.

DEPUTY ROBINSON, et al.,

      Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff, proceeding in this action pro se, was granted leave to proceed *in forma pauperis* on March 31, 2006.[1] On September 14, 2006, defendants jointly filed a motion to dismiss, which was heard by the undersigned on October 25, 2006. Attorney Jonathan B. Paul appeared on behalf of defendants. Plaintiff did not file an opposition, nor did he appear at the hearing. Having considered all submitted papers, the court issues the following findings and recommendations.

////

////

---

[1] This case, temporarily assigned to Magistrate Judge John F. Moulds on March 10, 2006, was reassigned to the undersigned on August 29, 2006. By Magistrate Judge Moulds' order dated March 31, 2006, plaintiff was granted leave to proceed *in forma pauperis*.

1

I. BACKGROUND

This case is proceeding on the complaint filed by plaintiff on February 28, 2006. Plaintiff alleges violations of his civil rights in connection with his temporary confinement in the Sacramento County Main Jail. It appears that plaintiff was released prior to filing this complaint.[2]

The motion to dismiss filed by defendants on September 14, 2006, relies in part on provisions of the Prison Litigation Reform Act ("PLRA") as a grounds for dismissal. Specifically, defendants argue that plaintiff failed to exhaust his administrative remedies prior to bringing this suit and, therefore, the action is barred under 42 U.S.C. § 1997e(a) (mandating exhaustion of administrative remedies prior to filing a complaint in federal court). At the hearing, the court noted that this provision of the PLRA applies only to persons who are incarcerated at the time they file a complaint. *See Berry v. Kerik*, 366 F.3d 85, 87 (2d Cir. 2003) (citing *Porter v. Nussle*, 534 U.S. 516 (2002); *Dixon v. Page*, 291 F.3d 485, 488-89 (7th Cir. 2002); *Harris v. Garner*, 216 F.3d 970, 978 (11th Cir. 2000) (en banc); *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999); *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998); *Doe v. Washington Co.*, 150 F.3d 920, 924 (8th Cir. 1998)). Defendants requested, and were granted, the opportunity to provide a supplemental brief on this issue. Defendants filed that brief on November 8, 2006, wherein they concurred with the court's understanding of 42 U.S.C. § 1997e(a).[3]

Nonetheless, defendants still urge the court to dismiss the action. By these findings and recommendations, the court recommends against dismissal.

////

---

[2] On the first page of the complaint, plaintiff lists a post office box as his address and also lists his phone number. Based on this information, it appears that plaintiff was not incarcerated when he filed the complaint.

[3] Accordingly, the court deems defendants' original argument for dismissal pursuant to 42 U.S.C. § 1997e(a) withdrawn.

2

## II. DISCUSSION

In addition to their arguments concerning the PLRA's exhaustion requirement, defendants moved for dismissal on grounds that plaintiff's lawsuit was barred under 28 U.S.C. § 1915(g). Section 1915(g) prohibits prisoners from bringing an action or proceeding *in forma pauperis* "if the prisoner has on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. . . ." Defendants cite three cases filed by plaintiff in this court, all of which were dismissed as frivolous and/or for failure to state a claim: (1) Civ. S-02-0866 FCD DAD P; (2) Civ. S-02-1913 MCE PAN P; and (3) Civ. S-02-2641 WBS GGH P.[4]

Although it appears that plaintiff may be prohibited from filing certain actions *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), the present action is not such a case. Section 1915(g) applies to prisoners filing suit. Here, plaintiff is proceeding not as a prisoner, but simply as a pro se plaintiff. *See* 28 U.S.C. § 1915(h) ("As used in this section, the term 'prisoner' means *any person incarcerated or detained* in any facility who is accused of, convicted of, sentenced for or adjudicated delinquent for, violations of criminal law . . . .") (emphasis added). Thus, much like 42 U.S.C. § 1997e(a) of the PLRA, section 1915(g) only applies to persons incarcerated at the time the action is filed. *See, e.g., Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (discussing fairness of § 1915(g) in the context of non-prisoners not subject to that provision). Again, the court notes that there is no indication that plaintiff was incarcerated when he filed the present action.[5] Accordingly, defendants' motion to dismiss on this ground must be denied.

---

[4] A court may take judicial notice of its own records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[5] Incidentally, the court notes that although plaintiff may be barred from proceeding *in forma pauperis* as a prisoner pursuant to § 1915(g), that section does not operate as a wholesale bar from filing federal actions. *Washington v. Gomez*, 1998 U.S. Dist. LEXIS 10026, at *2 (N.D. Cal. 1998) ("[a] prisoner barred from proceeding *in forma pauperis* pursuant to § 1915(g)

3

In their supplemental brief, defendants urge the court to dismiss as a sanction for plaintiff's failure to oppose their motion to dismiss, and because plaintiff failed to appear at the hearing or otherwise provide proof that he was not incarcerated when he filed this action.

Local Rule 78-230(c) provides that an opposition or statement of non-opposition to the granting of a motion must be filed fourteen days before the noticed hearing date and the plaintiff has violated this rule.  Although Local Rule 11-110 provides for imposition of sanctions, including where appropriate the sanction of dismissal, for violation of the rules or an order, the court finds that plaintiff's failure to file an opposition is not an appropriate basis for the ultimate sanction of dismissal.

"Before dismissing [an] action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  The undersigned has weighed these factors and finds that dismissal, at this early stage of the proceedings, is too drastic a sanction.  There is not an established history of prior failures to comply with the rules or scheduling orders and the substantive merits of plaintiff's claims have yet to be addressed either by the court or by defendants.  Accordingly, the court recommends that defendants' motion to dismiss based on this ground be denied.  However, plaintiff is hereby admonished that he must comply with the local rules of this court, and Rule 78-230(c)) in particular in the event defendants file any additional motions.   The failure to comply with these rules constitutes grounds for sanctions, including the ultimate sanction of dismissal of the complaint.

////

---

may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.") (citing *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)).

III. <u>CONCLUSION</u>

In accordance with the foregoing, IT IS RECOMMENDED that defendants' motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 12, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE