1

2

3

4

5

6

7

8         IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MANUEL ALYALA ALVAREZ,

11              Plaintiff,                    No. CIV S-06-0414 FCD EFB PS

12         vs.

13    DEPUTY ROBINSON, et al.,,          ORDER TO SHOW CAUSE

14              Defendants.

15    _____/

16         This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17    undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  It was before

18    the undersigned on August 29, 2007, for hearing on defendants' motion to compel plaintiff's

19    Rule 26(a) initial disclosures and for an award of sanctions.  Jesse M. Rivera appeared on behalf

20    of defendants.  Plaintiff filed no opposition to the defendants' motion and failed to appear at the

21    hearing.

22         On May 23, 2007, this court issued a scheduling order setting discovery cut-off for

23    October 17, 2007.  Despite this impending deadline and defendants' efforts to communicate with

24    him, plaintiff has failed to produce initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

25    Accordingly, defendants moved pursuant to Fed. R. Civ. P. 37(a)(2)(A), for an order compelling

26    plaintiff to produce his initial disclosures and sanctioning plaintiff for his failure to do so or

1

1   otherwise respond to defendants.

2       Rule 26(a) requires parties to disclose, without awaiting a discovery request, information

3   about witnesses, documents, damages, and other relevant information fourteen days before the

4   Rule 26(f) conference of the parties.  Fed. R. Civ. P. 26(a).  The Rule 26(f) conference is to

5   occur at least twenty-one days before a scheduling conference is held or a scheduling order is

6   due.  Fed. R. Civ. P. 26(f).  Pursuant to Fed. R. Civ. P. 37(c)(1), substantial penalties may be

7   applied to "a party that without substantial justification fails to disclose information required by

8   Rule 26(a)."

9       However, pursuant to Fed. R. Civ. P. 26(a)(1)(E), certain proceedings are exempted from

10  the initial disclosure requirements, including actions brought by persons without counsel and in

11  custody.  Fed. R. Civ. P. 26(a)(1)(E)(iv).  At the hearing, defense counsel represented that

12  plaintiff may be in custody, but that he did not know for certain.  The court has reviewed its

13  records, which show that plaintiff's address of record is a post office box in Sacramento, which

14  is not determinative of whether or not plaintiff is in custody.  The Local Rules of this court

15  require all parties, including those appearing *in propria persona*, to keep the court apprised of

16  their address. E.D. Cal. L.R. 83-183(b).

17      Given plaintiff's failure to participate in the discovery process and respond to defendants'

18  motion, the court is inclined to grant defendants' motion and award appropriate sanctions.

19  However, the court is troubled by defense counsel's intimation that plaintiff may be in custody.

20  Accordingly, the court will delay its ruling on defendants' motion pending some verification

21  regarding plaintiff's status.

22      In accordance with the foregoing, plaintiff shall show cause within fifteen days from the

23  date of service of this order why defendants' motion should not be granted and sanctions

24  awarded.  Plaintiff shall provide a verified statement regarding whether or not he is presently in

25  custody, or whether he has been in custody at any time during the pendency of this action.

26  ////

2

1    Failure to timely respond to this order may result in sanctions, including a recommendation that

2    this action be dismissed.  E.D. Cal. L.R. 11-110.

3            SO ORDERED.

4    DATED:  August 31, 2007.

5                                         EDMUND F. BRENNAN

6                                         UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26