IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL ALYALA ALVAREZ,

      Plaintiff,                         No. CIV S-06-0414 FCD EFB PS

      vs.

DEPUTY ROBINSON, et al.,,         FINDINGS AND RECOMMENDATIONS

      Defendants.

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). It was before the undersigned on August 29, 2007, for hearing on defendants' motion to compel plaintiff's Rule 26(a) initial disclosures and for an award of sanctions. Jesse M. Rivera appeared on behalf of defendants. Plaintiff filed no opposition to the defendants' motion and failed to appear at the hearing.

      On May 23, 2007, this court issued a scheduling order setting discovery cut-off for October 17, 2007. Despite this impending deadline and defendants' efforts to communicate with him, plaintiff failed to produce initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Accordingly, defendants moved pursuant to Fed. R. Civ. P. 37(a)(2)(A), for an order compelling plaintiff to produce his initial disclosures and sanctioning plaintiff for his failure to do so or

1  otherwise respond to defendants.

2  Rule 26(a) requires parties to disclose, without awaiting a discovery request, information
3  about witnesses, documents, damages, and other relevant information fourteen days before the
4  Rule 26(f) conference of the parties.  Fed. R. Civ. P. 26(a).  The Rule 26(f) conference is to
5  occur at least twenty-one days before a scheduling conference is held or a scheduling order is
6  due.  Fed. R. Civ. P. 26(f).  Pursuant to Fed. R. Civ. P. 37(c)(1), substantial penalties may be
7  applied to "a party that without substantial justification fails to disclose information required by
8  Rule 26(a)."

9  However, pursuant to Fed. R. Civ. P. 26(a)(1)(E), certain proceedings are exempted from
10 the initial disclosure requirements, including actions brought by persons without counsel and in
11 custody.  Fed. R. Civ. P. 26(a)(1)(E)(iv).  At the hearing, defense counsel represented that
12 plaintiff may be in custody, but that he did not know for certain.  The court has reviewed its
13 records, which show that plaintiff's address of record is a post office box in Sacramento.  This is
14 hardly determinative of whether or not plaintiff is in custody.  Nonetheless, the Local Rules of
15 this court require all parties, including those appearing *in propria persona*, to keep the court
16 apprised of their current address.  E.D. Cal. L.R. 83-183(b).

17 Given plaintiff's failure to participate in the discovery process, respond to defendants'
18 motion, or appear at the hearing, the court indicated that it was inclined to grant defendants'
19 motion and award appropriate sanctions.  However, the court was troubled by defense counsel's
20 intimation that plaintiff may be in custody.  Accordingly, the court delayed ruling on the
21 discovery motion, and on September 4, 2007, ordered plaintiff to show cause within fifteen days
22 why the motion should not be granted, and to file a verification regarding whether or not he was
23 in custody.

24 The time for responding to the order to show cause has run, and plaintiff has failed to
25 respond.  In its order to show cause, the court cautioned plaintiff that failure to respond could
26 result in sanctions, including a recommendation that the action be dismissed.  *See* E.D. Cal. L.R.

11-110.

A district court may dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). The public's interest in expeditious resolution of litigation and the court's need to manage its docket direct that this case be dismissed. Moreover, plaintiff has done nothing to lessen the risk of prejudice to the defendants. Plaintiff has failed to respond to any of defendants' efforts to commence discovery, and has failed to appear at the hearing on the motion compelling his cooperation. Moreover, he has failed to file anything with the court indicating a new address. Plaintiff's failure in this regard has caused defendants further expense as they had to seek an extension of the deadlines set forth in the court's scheduling order. The record reflects that plaintiff's last filing in this action was on April 25, 2007, despite defendants' motion to compel and this court's order to show cause. Even if plaintiff's failure to respond to either the order or defendants' motion was caused by a failure to receive them, it is each party's duty to apprise the court of any change of address. E.D. Cal. L.R. 83-183(b).

Based on plaintiff's failure to prosecute this case and respond to court orders, the court finds that dismissal is an appropriate sanction. Based on the foregoing, IT IS RECOMMENDED that this action be dismissed, and that the Clerk be directed to close this case. If the district judge adopts these findings and recommendations, the court further recommends that defendants' pending discovery motion be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 10, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4